IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENIKA JETTON GRAVES, | ) | |
| ID # 1225028, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-1503-N (BH) |
| | ) | ECF |
| JUDGE WADE, JR., | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner is an inmate currently incarcerated in the Texas prison system. On July 28, 2005, the Court received the instant action filed pursuant to 28 U.S.C. § 2254 to challenge the calculation of his sentence credits.[1] On August 3, 2005, the Court issued a Notice of Deficiency and Order. It therein notified petitioner that he had not paid the requisite filing fee nor submitted a request to proceed *in forma pauperis*. It granted him twenty days to cure the deficiency and warned him that the failure to do so would result in a recommendation that his petition be dismissed for failure to prosecute. On August 10, 2005, it received an application to proceed *in forma pauperis* without a proper certificate of inmate trust account.

---

[1] Although petitioner indicates on page two of his petition that he challenges his conviction in Cause No. F-0363181, his claims indicate that he challenges the calculation of his time credits.

On August 23, 2005, the Court issued a second Notice of Deficiency and Order and informed petitioner that his request to proceed *in forma pauperis* lacked a proper six-month certificate of trust account. The Court granted petitioner twenty days to cure the deficiency. On September 8, 2005, he filed an "Inmate Request for Withdrawal" which shows that he has authorized the $5 filing fee to be taken from his prison account. Unfortunately, the withdrawal form directs payment to "Dallas County Court."

On October 19, 2005, the Court issued a Third Notice of Deficiency and Order that informed petitioner that "[a] payment to that court does not satisfy the fee requirement for this Court", and directed petitioner to either pay the requisite filing fee or submit the required certificate of trust account within twenty days." It admonished petitioner that "[f]ailure to comply with this Order will result in a recommendation, pursuant to Federal Rule of Civil Procedure 41(b), that the petition be dismissed for failure to prosecute or comply with a court order." To date, petitioner has filed nothing further in this case. Nor has he paid the requisite filing fee.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the Order of October 19, 2005, that he pay the filing fee or submit a request to proceed *in forma pauperis* within twenty days. Accordingly, the Court should dismiss this action without prejudice for failure to follow an order of the Court.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) for petitioner's failure to comply with an order of the Court.

**SIGNED this 19th day of December, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3